(No. 2851—)

CHICAGO PARK DISTRICT, A BODY POLITIC AND CORPORATE, Claimant,
vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 16, 1936.*

JAMES M. SLATTERY, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award for Thirty Five Thousand Five Hundred Thirty Three and 11/100 ($35,533.11) Dollars. The complaint, filed February 26, 1936, alleges that on November 28, 1934 claimant entered into contracts with respondent through its Department of Public Works and Buildings, Division of Highways, to maintain certain routes or streets within the territory formerly under the control of the South Park Commissioners, the Commissioners of Lincoln Park, the North Shore Park District and the West Chicago Park Commissioners for a period not later than June 30, 1935; that all of the said districts and group were superseded under the law by the Chicago Park District, claimant herein.

The contract in question was made under the apparent authority of the following statutory provisions:

"In all cases where State or through traffic upon a State highway runs through a city, town or village, the Department of Public Works and Buildings shall locate a route upon existing streets or other thoroughfares or upon a new street or thoroughfare to be laid out through such municipality as an extension of such State highway so as to form a continuous route to serve the needs of through or State traffic upon such highway."

Par. 204 (1), Chap. 121, Roads and Bridges, I. S. B. S. 1935.

"The department is authorized when it appears to be expedient to enter into contracts with the particular municipal corporation terminable in the discretion of the department for the municipal corporation to maintain the improvement or portion under the control of the State located within such municipal corporation, any part thereof, such maintenance to be under the supervision of the department and at the expense of the State."

. Par. 204 (4) Chap. 121, Roads and Bridges, I. S. B. S. 1935.

The contract in question relative to the streets or territory formerly under the control of the South Park Commissioners contained the following:

"The total amount to be paid by the department including the cost of repairs, snow removal, street cleaning and all maintenance and allowances for overhead shall in no event exceed $80,225.18 for the year ending June 20, 1934."

A similar provision with reference to the territory under the former jurisdiction of the Lincoln Park Commissioners is included, except that it is provided the total therefor shall not exceed $30,753.94 for the year ending June 20, 1934.

A similar provision with reference to the territory under the former jurisdiction of North Shore Park District is included, except the total allowance therein shall not exceed $4,395.30.

A similar provision with reference to the territory under the former jurisdiction of West Park Commissioners is included, except the total allowance therein shall not exceed $30,857.20.

The record discloses that claimant repaired, cleaned and maintained the aforesaid routes or streets and removed snow therefrom as provided for under the terms of said contract, as shown by invoices, submitted as Exhibits as follows:

Ex. 1, itemized total.................. $18,537.84—S. Park Commrs.
Ex. 2, itemized total.................. 7,945.10—W. Chi. Park Commrs.
Ex. 3, itemized total.................. 7,918.52—Commrs. of Lincoln Park
Ex. 4, itemized total.................. 1,131.65—N. Shore Park District

Grand total ..................... $35,533.11

Invoices submitted by claimant to the Highway Department on August 3, 1935 were not received by the latter. Under an agreed statement of fact there appears to be due the claimant the sum of Thirty Five Thousand Five Hundred Thirty Three and 11/100 ($35,533.11) Dollars. Following the filing of invoices by claimant with the Highway Department on October 21, 1935, claimant was notified by Kendrick Harger, District Engineer of said Department, to file their demand with the Court of Claims. In a report dated March 4, 1936, from E. W. Ross, Engineer of Maintenance, he states:

"This Contract Agreement covered the period of July 1, 1934 to June 30, 1935, inclusive, at which time it was discontinued.

"Statements for the first three quarterly periods were received and scheduled for payment as required by the Contract Agreement, but the statement for the final period was not received for payment until the appropriation under which the Agreement was made had lapsed * * * The expense for maintenance is correct * * * their claim is justified and I recommend that it be paid."

In a report dated March 12, 1936 Edward J. Barrett, Auditor of Public Accounts, states:

"With reference to your letter of March 10, regarding Claim Number 2851, please be advised that our records show that there was a balance of $966,643.94, at the time the appropriation for City Highway and Belt Line Maintenance lapsed on September 30, 1935."

Counsel for claimant and the Attorney General both concede that payments were made by the Highway Department for all quarters except the last. This being true and the contract having been legally entered into and the services having been properly incurred and the State having received the services, an award is due. It further appears that such award will not bring the total payments to an amount in excess of the contract limit.

An award is therefore made in favor of claimant in the sum of Thirty Five Thousand Five Hundred Thirty Three and 11/100 ($35,533.11) Dollars, payable from the Road Fund of the Motor Fuel Tax Funds.